SUSAN HERBIG, Appellee, v. WALTON AUTO COMPANY et al., Appellants.

MASTER AND SERVANT: Workmen's Compensation Act—Review
1 by Commissioner—''Date of Award.'' Section 17, Chapter 270, Acts 37th G. A, superseded Section 2477-m29, Code Supplement, 1913, in so far as said Section 17 fixes the time within which claims for review must be filed with the commissioner as being within five days from the date of the award, and said "date of award" is the date of the filing of the award of the arbitrators with the commissioner.

MASTER AND SERVANT: Workmen's Compensation Act—Review
2 by Courts. The district court may confirm or set aside the order of the industrial commissioner made under the Workmen's Compensation Act, if it finds that he has erred in one or more of the particulars designated by Chapter 270, Acts 37th G. A.; but the Supreme Court is limited in its review on appeal to questions decided by the lower court.

*Appeal from Mahaska District Court.*—HENRY SILWOLD, Judge.

MARCH 18, 1919.

REHEARING DENIED JULY 7, 1919.

APPEAL from an order of the court below reversing the finding and order of the industrial commissioner, reviewing a decision and award of arbitrators.—*Reversed.*

*McNett & McNett,* for appellant.

*McCoy & McCoy* and *Burrell & Devitt,* for appellee.

STEVENS, J.—Charles Herbig, husband of Susan Herbig, claimant and appellee herein, while engaged in removing some rubbish from an upper story of a building formerly occupied by appellant as a garage, fell therefrom, receiving fatal injuries. The accident occurred on the 17th of November, 1917, and on December 12th following, appellee

filed her claim for compensation, and for arbitration thereof. A hearing was had at Oskaloosa, before the arbitrators appointed by the commissioner, resulting in an award by a majority thereof, allowing appellee $6.00 per week for 300 weeks. The award was dated and signed March 6th, and filed with the industrial commissioner on March 8, 1918. Appellant's claim for review was filed March 12th, and notice thereof served upon appellee the following day. The industrial commissioner reversed the finding and award of the arbitrators, upon the ground that deceased's employment by appellant was casual only. Appellee filed written objections with the industrial commissioner, challenging his jurisdiction to review the award. The ground of appellee's objection to the jurisdiction of the commissioner was that no claim for review was filed within the time required by statute. Claimant appealed to the district court from the adverse finding and order of the commissioner. The court held that the industrial commissioner did not have jurisdiction to review the award, for the reason that appellant's application therefor was not filed with the commissioner within five days after the date of the award.

The sections of the statute material to a decision of the questions involved upon this appeal are as follows:

"The committee on arbitration shall make such inquiries and investigations as it shall deem necessary. The hearings of the committee shall be in the

1. MASTER AND SERVANT: Workmen's Compensation Act: review by commissioner: "date of award."

city, town or place where the injury occurred and the decision of the committee, together with the statement of evidence submitted before it, its findings of fact, rulings of law and any other matters pertinent to questions arising before it shall be filed with the industrial commissioner. Unless a claim for a review is filed by either party within five days, the decision shall be en-

forcible under the provisions of this act." Section 2477-m29, Supplement to the Code, 1913.

" * * * Any party in interest may present a certified copy of an order or decision of the commissioner, or an award of an arbitration committee from which no claim for review has been filed within the time allowed therefor, or a memorandum of agreement approved by the commissioner, and all papers in connection therewith, to the district court of the county in which the injury occurred, whereupon said court shall render a decree in accordance therewith and notify the parties. Such decree, in the absence of an appeal from the decision of the industrial commissioner, shall have the same effect and in all proceedings in relation thereto shall thereafter be the same as though rendered in a suit duly heard and determined by said court., Upon the presentation to the court of a certified copy of a decision of the industrial commissioner, ending, diminishing or increasing a weekly payment under the provisions of this act, the court shall revoke or modify the decree to conform to such decision.

"No order or award of an arbitration committee is appealable direct to the courts, but if any party in interest is aggrieved thereby, he may within five (5) days from the date thereof apply to the industrial commissioner for a review of the same by such industrial commissioner in the manner as hereinbefore provided. * * * " Section 17, Chapter 270, Acts of the Thirty-seventh General Assembly.

As will be observed, the statute requires that the findings of fact, rulings of law, and other matters pertaining to questions arising before the arbitrators shall be filed with the industrial commissioner. Prior to the enactment of Section 17, Chapter 270, Acts of the Thirty-seventh General Assembly, the industrial commissioner held that claims for review must be filed by the aggrieved party within five

days after the finding of the arbitrators was filed in his office at Des Moines.

It is the contention of counsel for appellant that Section 2477-m29 is still in force, notwithstanding Chapter 270, supra, which provides that application for review of the findings of the arbitrators must be filed with the commissioner within five days after the findings and award of the arbitrators. It is the claim of counsel for appellee that the provision of Section 17, Chapter 270, supra, is inconsistent with the provisions of Section 2477-m29, and that same was repealed thereby. Whether the later enactment repealed other provisions of the former or not, it superseded it, in so far as it fixes a definite time within which claims for review may be filed with the commissioner, which must be within five days after the date of the award.

The question is: What is meant by the "date of the award?" Is the award complete when the finding and conclusion of the arbitrators is dated and signed, or is it completed by filing same with the industrial commissioner? When does it become "the award?" No appeal can be taken from the award of the arbitrators to the district court, and if no claim is filed for review within the time allowed by the statute, any party in interest may present a certified copy thereof to the district court of the county in which the injury occurred, and have a decree rendered therein in accordance with the award. While the statute does not specifically provide that the commissioner shall certify to the copy of the award of the arbitrators for this purpose, such is the necessary inference from the statutory requirement that same be filed with him. He thereby becomes the custodian thereof. While the instrument signed by the arbitrators necessarily includes the finding, order, and award thereof, it does not become effectual as such until filed with the commissioner. The statute makes no provision for notice to the parties of the award, nor for publicity thereof

until the same is filed with the commissioner. The duty of the arbitrators, after completing their investigation and signing their award, is to cause the same to be filed with the commissioner. We think the legislature obviously contemplated that "the award" should date from the time of its filing with the commissioner, and that the aggrieved party may have five days thereafter, to apply to the commissioner for a review thereof. The statute requires that the hearing before the arbitrators be in the city, town, or place where the injury occurred. This may, of course, be in a part of the state remote from the office of the commissioner, and the time intervening between the signing and dating of the finding of the arbitrators, and publicity thereof by filing with the commissioner, may reduce the time allowed, upon appellee's theory, in which to apply to the commissioner for review, to much less than five days. This could hardly have been contemplated by the legislature. Thus construed, appellant's application was filed with the commissioner within the time required.

II. The court below did not review the findings of the commissioner upon the merits, but based its decision solely upon the ground that the commissioner was without jurisdiction to review the award of the arbitrators. We have, therefore, no question before us involving the merits. The district court may confirm or set aside the order of the industrial commissioner, if it finds that he has committed error in one or more of the particulars designated by Chapter 270, Acts of the Thirty-seventh General Assembly. This court is limited in its review upon appeal to questions decided by the lower court. Having held that the court erred in its finding that the commissioner was without jurisdiction to review the award of the arbitrators, it follows that its judgment and decree must be—*Reversed.*

2. MASTER AND SERVANT: Workmen's Compensation Act: review by courts.

LADD, C. J., EVANS and GAYNOR, JJ., concur.